NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7062

APOLINARIA M. MAURICIO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Apolinaria M. Mauricio, of Brgy Clapacuan, Philippines, pro se.

Leslie Cayer Ohta, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge John J. Farley, III

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7062

APOLINARIA M. MAURICIO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1852, Judge John J. Farley, III.

_____

DECIDED: September 11, 2009

_____

Before LINN, FRIEDMAN, and DYK, Circuit Judges.

PER CURIAM.

Apolinaria M. Mauricio ("Mauricio") appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals ("Board") concluding that Mauricio had not submitted new and material evidence that would warrant reopening her claim for entitlement to death benefits as the surviving spouse of a veteran. Mauricio v. Peake, No. 07-1852, slip op. (Vet. App. Dec. 16, 2008). Because Mauricio's appeal does not raise any matter that is within our jurisdiction, we dismiss the appeal.

Apolinaria Mauricio married Paul Mauricio in the Philippines on January 9, 1944. Id. at 1-2. Paul Mauricio served on active duty in the United States Navy from August

1945 through August 1949, and again from September 1949 through April 1965. Id. at 1. In September 1952, the Circuit Court of the City of Portsmouth, Virginia, issued a divorce decree terminating the Mauricios' marriage, and Paul Mauricio married another woman on March 25, 1953. Id. at 2. In June 1982, Apolinaria Mauricio filed a claim with the Department of Veterans' Affairs ("VA") for death benefits as a surviving spouse. Id. The VA denied the claim because the divorce decree showed that Apolinaria Mauricio was not married to Paul Mauricio at the time of his death on April 28, 1977. Id. at 1-2. That determination became final in 1983. Id. at 2. In 1994, Apolinaria Mauricio sought to reopen her claim by submitting the statements of former neighbors. Id. The VA declined to reopen the claim, reasoning that the statements were not new and material evidence. Id.

In 2003, Mauricio again sought to reopen her claim, and she submitted a letter from the Social Security Administration ("SSA") concerning the SSA's overpayment of benefits, as well as another copy of her divorce decree. Id. at 2-3. The Board found that neither the SSA letter nor the divorce decree were new and material evidence. Id. at 3. Mauricio appealed to the Veterans Court, and that court affirmed, concluding that the Board's finding that the submitted documents were not new and material evidence was not clearly erroneous. Id. at 3. Mauricio appeals.

This court's jurisdiction over appeals from the Veterans Court is strictly limited by statute. Under 38 U.S.C. § 7292(a), we have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in

making the decision." However, unless an appeal "presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The appeal in this case does not present any constitutional issue, as Mauricio herself concedes. See Informal Br. of Appellant ¶ 3 (checking "No" in response to question "Did the Court of Appeals for Veterans Claims decide constitutional issues?"). Likewise, the Veterans Court did not interpret or rule on the validity of any statute or regulation. To the contrary, the sole issue before the Veterans Court was whether the Board's determination that Mauricio had not submitted new and material evidence was clearly erroneous. Mauricio, slip op. at 3. The Veterans Court's decision did no more than apply established law to the facts.

In her informal brief, in response to the question "Did the Court of Appeals for Veterans Claims decision involve the validity or interpretation of a statute or regulation?," Mauricio cites 38 U.S.C. § 501(a). Informal Br. of Appellant ¶ 2. Section 501(a) deals with the rulemaking authority of the Secretary of Veterans Affairs. The opinion of the Veterans Court in this case did not make any reference to § 501(a), and the rulemaking authority of the Secretary of Veterans Affairs is not at issue in this case. It is possible that Mauricio made a typographical error and, by referring to 38 U.S.C. § 501(a), actually meant to refer to 38 U.S.C. § 5108, which is the statute that requires "new and material evidence" for a claim to be reopened. See Mauricio, slip op. at 3. But even if Mauricio had intended to cite § 5108, her appeal would still not raise a matter within our jurisdiction. The Veterans Court merely quoted § 5108 and the

regulations implementing it in its decision, and applied those provisions to the facts of Mauricio's case. The Veterans Court did not interpret any aspect of § 5108.

Finally, Mauricio's reference to her divorce being "declared VOID on May 20, 2005" does not raise any matter within our jurisdiction. Informal Br. of Appellant ¶ 2. Mauricio seems to believe that her divorce has been retroactively voided, because the word "VOID" appears on the face of a copy of her divorce decree. It appears, however, that the word "VOID" only appears on the face of the copy because the original document contained a security watermark that would result in "VOID" being printed on any photocopy. In any event, the validity of Mauricio's divorce decree is a factual issue over which we lack jurisdiction. See, e.g., Davis v. Principi, 276 F.3d 1341, 1344 (Fed. Cir. 2002) ("[T]his court lacks jurisdiction to review factual determinations challenged in appeals from the Court of Appeals for Veterans Claims except to the extent they present constitutional issues.").

Because Mauricio's appeal does not present a constitutional issue, and because the decision of the Veterans Court did not concern the validity or interpretation of any statute or regulation, we lack jurisdiction. We therefore dismiss the appeal.

COSTS

No costs.